**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ANJUM ROKADIA | |
| Plaintiff, | |
| v. | Civil Action No. 1:25-cv-01428 |
| UZMA KALEEM | RDA-IDD |
| and | |
| SALMA K. CHADHA | |
| Defendants. | |

**DEFENDANT SALMA CHADHA MEMORANDUM IN SUPPORT OF HER**
**MOTION TO DISMISS**

COMES NOW Defendant Salma Chadha ("Ms. Chadha") by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby states as follows in support of her Motion to Dismiss for failure to state a claim.

### I.      Introduction

Plaintiff and Defendant Uzma Kaleem ("Ms. Kaleem") are former spouses. It is alleged that a Custody and Visitation order was in place.  ECF 1; ¶ 4. Ms. Kaleem has sole legal and physical custody of the parties' two minor children. Defendant Ms. Chadha is Ms. Kaleem's sister and is alleged to have been the landlord of the residence where Ms. Kaleem and Plaintiff had resided.  Id. at ¶ 6.

The Complaint alleges that on January 11, 2025, Ms. Kaleem stated to Plaintiff's mother that Plaintiff "broke into my home while I was out of town and took items from the house."  Id. at ¶ 14(a).  This same statement was alleged to have been made to a police officer on January 10, 2025.  Id. at ¶ 14(b).  Ms. Kaleem is also alleged to have stated to Plaintiff's mother, that Plaintiff

had made an "attempt to communicate" in a manner that would have violated a protective order, which Plaintiff also alleges was also communicated to a 911 operator, police officer, and Plaintiff's daughter.  Id. at ¶ 14(c)-(e).

The Complaint further alleges that Ms. Chadha stated to the police that "I don't know why he's doing stuff like this. He's crazy."  Id. at ¶ 14(f).  Ms. Chadha is also alleged to have stated to Plaintiff's daughter that Plaintiff was "crazy."  Id. at ¶ 14(g).

Plaintiff alleges that these statements resulted in his arrest on felony criminal charge for larceny, misdemeanor breaking and entering, and two misdemeanor charges for violation of protective order. Id. at ¶ 23.  Plaintiff further alleges that he spent two days in Fairfax County Adult Detention Center and the counts were all dismissed.  Id. at ¶¶ 24; 34.

The Complaint alleges three counts which are Count I for Defamation, Count II for Malicious Prosecution, and Count III for Abuse of Process.  The Complaint alleges that two of the three claims against Ms. Chadha, Count I for Defamation and Count II for Malicious Prosecution.

Ms. Chadha moves to dismiss all claims as they fail as a matter of law.

## II.      **Applicable Legal Standards**

### A.      **Standard for Dismissal**

The standard used for deciding a Rule 12(b)(6) motion to dismiss is well-known to this Court: "[t]o survive a motion to dismiss, the Plaintiffs' factual allegations, taken as true, must 'state a claim to relief that is plausible on its face.'" *Hall v. DIRECT TV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Practically speaking, the Rule 12(b)(6) standard provides that dismissal is proper if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all

reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *McCaffrey v. Chapman*, No. 17-2198, 2019 U.S. App. LEXIS 10424, at *5 (4th Cir. Apr. 9, 2019) (citation omitted). Crucially, "the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") (Emphasis added).

So, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

III.   **Argument**

A.   **Count I (Defamation and Defamation Per Se) Fails**

To state a claim for defamation under Virginia law, a plaintiff must allege facts in support of three elements: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Schaecher v. Bouffault*, 290 Va. 83, 91 (2015) (quoting *Tharpe v. Saunders*, 285 Va. 476, 480 (2013)). To be "actionable," a statement must be "both false and defamatory." *Id*. (quoting *Tharpe*, 285 Va. at 481).

Under long-established Virginia law, the following kinds of statements are actionable as defamation per se: (1) statements that "impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished," (2) statements that "impute that a person is infected with some contagious disease, where if the

3

charge is true, it would exclude the party from society," (3) statements that "impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of duties of such an office or employment," and (4) statements that "prejudice such person in his or her profession or trade." *Hatfill v. New York Times Co.*, 416 F.3d 320, 330 (4th Cir. 2005) (citing *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 7 (1954)).

Defamatory words are those "tend[ing] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts § 559; *see Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993) (applying Virginia law). A false statement must have the requisite defamatory "sting" to one's reputation. *See Air Wis. Airlines Corp. v. Hoeper*, 571 U.S. 237, 255 (2014) (focusing on "the substance, the gist, the sting" of an allegedly defamatory statement); *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 138 (1967) (referring to the defamatory implication as the "sting of the libel").

Speech that does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person, are not actionable. *Yeagle v. Collegiate Times*, 255 Va. 293, 295 (1998). Statements that are relative in nature and depend largely upon the speaker's viewpoint are expressions of opinion. *Jordan v. Kollman*, 269 Va. 569, 576 (2005); *see also Chaves v. Johnson*, 230 Va. 112, 119 (1985). Whether an alleged defamatory statement is one of fact or opinion is a question of law and is, therefore, properly decided by the court instead of a jury. *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 132-33 (2003).

To state a claim for defamation, a "[g]ood pleading requires that the exact words spoken or written must be set out in the declaration in haec verba. Indeed, the pleading must go further,

4

— that is, it must purport to give the exact words." *Fuste*, 265 Va. at 134 (quoting *Federal Land Bank of Baltimore v. Birchfield*, 173 Va. 200, 215 (1939)).

On a motion to dismiss a defamation claim, a court must credit plaintiff's allegations that the statements were factually false, and focus instead on whether the alleged statements could support a finding that they are actionable. *See Chapin*, 993 F.2d at 1092.

To begin, the only statements alleged to have been made by Ms. Chadha in *haec verba* are "I don't know why he's doing stuff like this. He's crazy" and he is "crazy." ECF 1, ¶ 14(f) and (g).

Ms. Chadha's alleged statements that Plaintiff is "crazy" are statements of subjective opinion, not of fact. One cannot determine or prove if someone is crazy. *Yeagle*, 255 Va. at 295. While the Complaint appears to conflate colloquial use of the term "crazy" with a diagnosable mental health condition, the two are not equivalent. Calling someone "bipolar" is materially different from calling someone "crazy." One is a medical diagnosis while the other is subjective. Simply, these opinions cannot be actionable as defamation. This claim must fail.

### B.      Count II (Malicious Prosecution) Fails

Malicious prosecution actions arising from criminal proceedings are not favored in Virginia and the requirements for maintaining such actions are more stringent than those applied to other tort cases." *O'Connor v. Tice*, 281 Va. 1, 7 (2011). Such actions are disfavored because criminal prosecutions are "essential to the maintenance of an orderly society," and persons bringing such prosecutions should not be deterred by the fear of unjustified reprisals in the form of ensuing civil litigation. *Reilly v. Shepherd*, 273 Va. 728, 733 (2007).

"A plaintiff alleging malicious prosecution must plead and prove by a preponderance of the evidence that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant(s), (3) without probable cause, and (4) terminated in a manner not unfavorable to

the plaintiff." *Eubank v. Thomas*, 300 Va. 201, 208 (2021). "In the context of a malicious prosecution action, malice is defined as any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Hudson v. Lanier*, 255 Va. 330, 333 (1998).

"[P]robable cause is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *O'Connor*, 281 Va. at 9. "The test [of probable cause] is whether the facts and circumstances known, or made known, to the prosecutor are sufficient to justify a prudent and reasonable man in the belief that an accused is guilty of the crime charged." *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 684 (1967).

Here, the Complaint only pleads that Ms. Chadha stated to the police that Plaintiff was "crazy" (ECF 1, ¶ 14(f)) and that Plaintiff was subsequently arrested on multiple criminal charges. Even taking the allegations in the light most favorable to Plaintiff, the Complaint contains no factual allegations showing that Ms. Chadha lacked probable cause when she made her statements. Whether someone is "crazy" is a subjective opinion, not an objectively verifiable fact. Further, Ms. Chadha's statement concerning the Plaintiff is unrelated to the charges brought by the police. It is implausible that Ms. Chadha's statement that Plaintiff is "crazy" would lead to his arrest.

Further, the Complaint is devoid of any allegation that Ms. Chadha lacked probable cause in her single statement to the police. Probable cause is a necessary element to a claim for malicious prosecution. This claim fails.

### C.   Punitive Damages are Unavailable

In Virginia, a party is entitled to recover punitive damages when he pleads and proves that the defendant has committed a willful tort, beyond the mere breach of a duty. *See Kamlar Corp.*

6

*v. Haley*, 224 Va. 699, 707 (1983). Punitive damages are then only warranted for conduct which is so willful or wanton as to evince a conscious disregard for the rights of others. *See Owens-Corning Fiberglass Corp. v. Watson*, 243 Va. 128, 144 (1992). Indeed, "[b]ecause punitive damages are in the nature of a penalty, they should only be awarded in cases of the most egregious conduct." *See Philip Morris, Inc. v. Emerson*, 235 Va. 380, 407 (1988).

There are no facts pled in the Complaint from which one could conclude that the alleged defamatory statements and Ms. Chadha's actions rise to the level of the most egregious conduct required by Virginia law. Punitive damages are regularly addressed at the motion to dismiss stage by the District Court. *See, e.g., JTH Tax, LLC v. Shahabuddin*, 477 F. Supp. 3d 477, 482-83 (E.D. Va. 2020); *56th St. Invs., Inc. v. Worthington Cylinders Miss., LLC*, 2014 U.S. Dist. LEXIS 59387, at *2 (E.D. Va. Apr. 16, 2014); *Deavers v. Vasquez*, 2014 U.S. Dist. LEXIS 203049, at *2-3 (E.D. Va. Oct. 3, 2014).

Here, the only allegation in the Complaint is that Ms. Chadha called Plaintiff "crazy." ECF 1, ¶ 14(f), (g). Even crediting the allegations pled in the Complaint as true, nothing in Virginia jurisprudence would allow this dispute to constitute the most egregious conduct that Virginia requires for punitive damages to be considered.

## IV.    Conclusion

WHEREFORE, Defendant Salma Chadha, respectfully requests that the Court grant her Motion to Dismiss, dismiss the Compliant with prejudice and grant such other relief as the Court deems fair and just.

Respectfully submitted,

  /s/ Zachary H. Boron
Mikhael D. Charnoff, VSB No. 43929
Zachary H. Boron, VSB No. 95352
CHARNOFF SIMPSON PLLC
111 Church Street NW, Suite 202A
Vienna, Virginia 22180
(703) 291-6650 Phone
mike@charnoffsimpson.com
zach@charnoffsimpson.com
*Counsel for Defendant Salma Chadha*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2025, I will electronically file the foregoing using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record for all parties who have appeared in this action.

/s/ Zachary H. Boron
Zachary H. Boron

8